# IN THE COURT OF APPEALS OF IOWA

No. 20-0565
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH CRUZ CORDERO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Angela L. Doyle, Judge.

Joseph Cruz Cordero appeals following his convictions for distributing a controlled substance (marijuana) to a minor within 1000 feet of a public park and third-degree sexual abuse. **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR NEW SENTENCING HEARING.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Joseph Cruz Cordero[1] guilty of (1) distributing a controlled substance (marijuana) to a minor within 1000 feet of a public park and (2) third-degree sexual abuse. On the first count, the district court sentenced Cruz to prison for a term not exceeding twenty-five years, with a mandatory minimum period of ten years. On the second count, the court sentenced him to a prison term not exceeding ten years to run consecutively to the term in count I.

Cruz argues (A) he did not knowingly, intelligently, and voluntarily waive his right to an in-person sentencing hearing and (B) the district court abused its discretion in fashioning his sentence.

In 2020, the Iowa Supreme Court altered court procedures to address the global Covid-19 pandemic. For "felony or misdemeanor sentencing hearings," the court authorized district courts to "allow any party (the prosecutor, defense counsel, defendant, victims and witnesses) to appear by videoconference or telephone with that party's consent." *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (March 17, 2020), *available at* https://www.iowacourts.gov/collections/4 76/files/1055/embedDocument/.[2]

---

[1] At trial, defense counsel advised the court that his client preferred to be referred to as Mr. "Cruz" rather than Mr. "Cordero." We will use his preferred name throughout the opinion.

[2] The court "temporarily suspend[ed] the operation of any Iowa court rule or statute to the extent it [was] contrary to any provision of th[e] order." *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (April 2, 2020), available at https://www.iowacourts.gov/collections/485/files/1076/embedDocument/.

Defendants who planned to "appear by videoconference or telephone" were required to "either (a) execute a written waiver or (b) make a waiver on the record." *Id.* "Criminal matters that [could] not be continued or conducted by videoconference or telephone" were to be conducted in person. *Id.* The orders were in effect at the time of Cruz's sentencing hearing.

Cruz asserts the "waiver of his right to be personally present at his sentencing was not intelligent, voluntary, or knowing." The Iowa Court of Appeals recently addressed this issue. *See State v. Emanuel*, No. 20-0737, 2021 WL 1906366, at *1–2 (Iowa Ct. App. May 12, 2021) (*Emanuel I*); *see also State v. Emanuel*, No. 20-0738, 2021 WL 2453371, at *4 (Iowa Ct. App. June 16, 2021) (*Emanuel II*).

In *Emanuel I*, the district court engaged in the following colloquy with the defendant about the nature of the hearing:

> [COURT]: I'm sure that your attorneys informed you that particularly with respect to the felony charge, you do have the right to make a personal appearance in court. And because of the current concerns with the COVID-19 virus situation, courts have been instructed to attempt to conduct most hearings through this means. Are you okay with proceeding by audiovisual closed circuit TV today?
> [DEFENDANT]: Yes, I am, Your Honor.

2021 WL 1906366, at *1–2. On appeal, the defendant argued he was coerced into waiving his personal presence based on a precursor order directing the sheriff to make him available by closed-circuit television and the court's statement that it was instructed to forgo an in-person hearing. *Id.* at *2. The court of appeals rejected the argument, reasoning that the court "specifically advised" the defendant of his "right to make a personal appearance in court" and asked the defendant if he was "okay with proceeding" by closed circuit television. *Id.* The court found "no

objective or subjective indices of coercion" and affirmed the defendant's sentence. *See id.*

In *Emanuel II*, involving the same defendant's separate sentencing hearing on another matter, the district court informed the defendant he was participating by videoconference, the attorneys were participating by "ICN conference," and the hearing was being conducted remotely as a result of supervisory orders. 2021 WL 2453371, at *4. The court asked the defendant and counsel whether they were agreeable to participating remotely. *Id.* All said they were. *Id.* On appeal, the defendant argued his waiver of his right to be personally present was not intelligent, voluntary, or knowing. *Id.* The court of appeals determined the district court failed to advise the defendant of his "right to make a personal appearance in court" or his right not to have the hearing proceed unless he agreed to the procedure. *Id.* The court concluded the defendant's waiver of his right to an in-person sentencing hearing was "invalid." *Id.*

The paramount distinction between *Emanuel I* and *Emanuel II* was the defendant's awareness of his right to an in-person proceeding. In *Emanuel I*, the district court explicitly advised the defendant of that right, whereas the court did not provide the disclosure in *Emmanuel II*.

The key exchange at Cruz's sentencing hearing was as follows:

> COURT: Before we begin the sentencing hearing, Mr. Cruz, I must advise you that in a felony case such as yours, the Iowa Rules of Criminal Procedure require your personal presence at sentencing. Do you understand?
> DEFENDANT: My personal—what do you mean my personal—like face-to-face?
> COURT: The Rules of Criminal Procedure require an in-person sentencing.
> DEFENDANT: Yes.

           COURT: Do you understand that.

           DEFENDANT: Yes.

           COURT: Now on March 14th of this year, the Iowa Supreme Court entered an order allowing appearance by telephone conference for sentencing hearings. Do you understand that?

           DEFENDANT: Yeah, I understand that.

           COURT: Okay. Do you need—do you have any questions or do you need additional time to speak to with [your attorney] about those matters, about those issues?

           DEFENDANT: I'm not sure. I'm just doing what, you know, told to do so.

           COURT: Do you agree to give up your right to an in-person sentencing?

           DEFENDANT: In person? I don't want to, no.

           COURT: Well, we're going to proceed with sentencing by telephone conference because of the Coronavirus.

           DEFENDANT: Yes, that's not a problem.

           COURT: The court system has been advised only to have in person hearings if they are emergency matters such as domestic abuse, mental health commitments and so forth. Are you agreeable to conducting your sentencing hearing by telephone conference call this afternoon?

           DEFENDANT: Well, it would be okay to—to do it via telephone then.

           COURT: All right. Thank you, sir. I find that the defendant has been fully advised, understands his rights regarding presence at sentencing. I also find that defendant has agreed to appear for sentencing by telephone and has waived his right to in-person sentencing. We will then proceed with sentencing by telephone conference.

The district court's advice falls somewhere between the comprehensive colloquy approved in *Emmanuel I* and the colloquy disapproved in *Emmanuel II*. Cruz was informed that felony cases require a personal presence at sentencing. When asked if he needed time to speak to his attorney about his personal presence, he indicated he was unsure and he was just doing what he was told to do. And when asked if he agreed to give up his right to an in person sentencing, he replied that he did not want to. It was only after the court indicated that the hearing was going to proceed with sentencing by telephone conference that the defendant conceded.

Cruz argues that he was led to believe an in-person hearing was not an option in his type of case and that he initially registered his opposition to proceeding in another format.

We conclude Cruz's initial opposition to waiving his right to an in-person hearing together with the court's statement concerning the limited types of cases in which in-person hearings would go forward place his colloquy in the *Emmanuel II* camp. We conclude Cruz's waiver of an in-person hearing was not knowing, intelligent, and voluntary and the waiver was invalid. We vacate the sentences imposed on Cruz's convictions and remand the matter for a new sentencing hearing. *See Emmanuel II*, 2021 WL 2453371 at * 5. In light of our disposition, we need not address Cruz's contention that the district court abused its discretion in imposing sentence.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR NEW SENTENCING HEARING.**